should have been dismissed at the trial. There is no suggestion that she did not produce on the trial all the available evidence to support her complaint, or that upon a new trial she would be able to produce new evidence to support the deficiency in her proofs. An appropriate situation is therefore presented for exercising the power conferred by section 1317 of the Code of Civil Procedure as we construe it.

The judgment and order appealed from will therefore be reversed, and the complaint dismissed, with costs in all courts to the defendant.

INGRAHAM, P. J., and CLARKE and HOTCHKISS, JJ., concur.

LAUGHLIN, J. I dissent from the dismissal of the complaint, but vote for a new trial for error in allowing the contradiction of the witness Smith as to the speed of the car, and on the ground that the verdict is against the weight of the evidence.

---

### PETERSON v. OCEAN ELECTRIC RY. CO.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

Appeal from Trial Term, New York County.

Action by Ernest Peterson against the Ocean Electric Railway Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed and dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

William C. Beecher, of New York City, for appellant.
Louis Steckler, of New York City, for respondent.

PER CURIAM. For the reasons stated in Mae I. Peterson v. Ocean Electric Railway Company (decided herewith), 146 N. Y. Supp. 604, the judgment and order appealed from are reversed, and the complaint dismissed, with costs in all courts to the defendant. All concur, except LAUGHLIN, J., dissenting in part.

LAUGHLIN, J., dissents from dismissal of complaint, and votes for a new trial.

---

### CLEARY v. DYKEMAN.

(Supreme Court, Appellate Division, First Department. March 6, 1914.)

1. BILLS AND NOTES (§ 362*)—BONA FIDE PURCHASERS—DEFENSES.

A bona fide purchaser of an accommodation note for value and without notice acquires it free from all defenses, and can, even after maturity, transfer good title to another person, even though the assignee had notice of the defenses.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 937–943; Dec. Dig. § 362.*]

2. BILLS AND NOTES (§ 523*)—ACTIONS—PRESUMPTION.

Proof that a party furnished the money for the purchase of a promissory note prima facie shows him to be the real owner, entitled to enforce payment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1822–1825; Dec. Dig. § 523.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. WITNESSES (§ 400*)—EXAMINATION—CONTRADICTION.

 Where a defendant was forced to call the one who claimed to be the real party in interest to establish his defense, he is not concluded by that party's testimony.

 [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1268, 1269; Dec. Dig. § 400.*]

4. BILLS AND NOTES (§ 496*)—ACTIONS—DEFENSES.

 In an action on a promissory note, where defendant claimed that plaintiff was not the real party in interest, but was acting for the accommodation payee, he has the burden of establishing that fact.

 [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1665½, 1669–1674; Dec. Dig. § 496.*]

5. BILLS AND NOTES (§ 523*)—ACTIONS—DEFENSES.

 In an action on a promissory note, where defendant claimed that plaintiff was not entitled to recover, as he was acting for the accommodation payee, evidence *held* insufficient to establish that fact.

 [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1822–1825; Dec. Dig. § 523.*]

Appeal from Trial Term, New York County.

Action by Joseph W. Cleary against Conrad V. Dykeman. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 143 N. Y. Supp. 1110.

The opinion of Lehman, J., is as follows:

[1] The defendant, Dykeman, is sued upon a note made and executed by him. This note is a renewal note of an earlier note. The defendant claims that at the time when he made the original note he had been induced by one Kaufman Simon to purchase a very considerable proportion of the stock of a mining company controlled by Simon, and that he executed the note for Simon's accommodation to the order of the mining company. It is undisputed that the note was discounted by Simon in the Edgewater National Bank, and that the Edgewater National Bank had a title free from any possible defense that the note was made only for the accommodation of any party. The Edgewater Bank, having a title to the note free from all defenses, could transfer its title to any other party, even after maturity, and even though the assignee had knowledge of such defenses. The party suing upon the note as the assignee of the bank could enforce the note by virtue of the title received from the bank. The defense that the note was made for the accommodation of Simon, therefore, fails unless the note is the property of Simon, who, of course, could not enforce it as against a party who made the note only for his accommodation.

[2-5] The suit is, however, brought, not by Simon, but by one Cleary, who bought the note after maturity from the bank, with a check furnished by one Clegg, and at Clegg's request. Prima facie Clegg is the real owner of the note, and entitled to enforce payment from the maker. The defendant, therefore, to establish his defense, is bound to produce some evidence to show that Clegg is only an agent or dummy for Simon. The only evidence produced upon this point is the testimony of Clegg himself and the record of Clegg's bank account. Clegg testified in effect that Simon was a friend to whom he was under considerable personal obligations; that Simon said that he did not wish to take up the note from the bank himself, as it would embarrass him to be obliged to sue one of the directors of his mining company, and Simon therefore requested the witness to take up the note. The witness complied with this request through Cleary, and furnished Cleary with his own check. He further testified that Simon did not furnish him with the money, but that he drew the money from his own account, and that Simon had not promised to indemnify him in any way. Clegg's bank account shows that immediately before he drew this check he deposited a slightly larger sum in cash. Clegg claims this deposit was made up of cash received from

rents and various other sources, but his bank account shows that at no previous time had he ever deposited such a large amount in cash.  Clegg was of course an interested witness, and, though produced by the defendant, he was àn adverse witness.  I do not think that the defendant is therefore actually bound by his testimony, and the question of the credibility of his testimony is a question for the jury.  The jury would be entirely justified in refusing to credit his testimony; but, since his testimony is the only testimony produced by the defendant, the defendant is in the unfortunate dilemma that if the testimony is true, it affirmatively establishes that Clegg is the real plaintiff, and if false, then there is no testimony remaining to rebut the plaintiff's prima facie case.  The defendant is bound to produce evidence which will justify the inference that Simon is the real plaintiff; and evidence that justified merely a suspicion is insufficient.  Nevertheless, since it is clear that such a suspicion is justified, I have carefully examined Clegg's testimony to seek out whether, by disregarding those portions favorable to himself and regarding as credible only those portions which are favorable to defendant, any facts remain which justify the inference that Clegg is Simon's dummy.  For this purpose I have accepted as true that Clegg was a close friend of Simon; that he took up the note in suit at Simon's request; that the bank received payment by a check drawn on Clegg's account; that for the purpose of meeting this check Clegg deposited a slightly larger amount of cash in his account; and that the deposit of such a large amount in cash was unprecedented.  In considering the inferences that may be drawn from this testimony, it must be remembered that the question in the case is not whether Simon induced Clegg to take up the note to avoid the interposition of the defense that the defendant was an accommodation maker, but is whether the plaintiff is in fact representing him and not Clegg.  None of the facts testified to is in any way inconsistent with the view that Clegg did take up the note individually, and is the person directly interested in a recovery, even though he was induced to come into the case out of friendship to Simon and to help Simon out of an embarrassing situation, unless there is also some evidence that Simon furnished him with the money to take up the note, or is in some way directly behind the suit.  The defendant contends that this proof is furnished by the improbability of Clegg's story that the amount of cash deposited to meet this check came to him from his ordinary business.  Conceding that this story is improbable.  I still think that a finding that Simon furnished this money would rest only in conjecture, and is not an inference which can be drawn from the evidence.  I, therefore, find no question to submit ·to the jury, and the motion to set aside the direction of a verdict must be denied.  Thirty days' stay of execution and 60 days to make a case.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

J. F. Carew, of Brooklyn, for appellant.
Monte London, of New York City, for respondent.

PER CURIAM.  Judgment affirmed, with costs, on opinion of Lehman, J., at Trial Term.
Order filed.

_____

(161 App. Div. 33)

### McCORMACK v. SECURITY MUTUAL LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department.  March 4, 1914.)

1. INSURANCE (§ 354*)—LIFE INSURANCE—NOTICE.
   Under Insurance Law (Consol. Laws, c. 28) § 92, requiring insurance companies to send notices that premiums are due, and providing that no insurance company shall declare any policy forfeited unless a written or printed notice, stating the amount of the premium due, the place and the

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes